# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

QUENTIN LASTER,

    Plaintiff,               CASE NO. 08-CV-10898

v.

                                    DISTRICT JUDGE PATRICK J. DUGGAN
GEORGE PRAMSTALLER, *et al.*,    MAGISTRATE JUDGE CHARLES E. BINDER

    Defendants.
                               /

## ORDER REGARDING DEFICIENCIES IN COMPLAINT
## AND SETTING DEADLINE
## FOR PLAINTIFF TO FILE AMENDED COMPLAINT

**I.    INTRODUCTION**

By order of U.S. District Judge Patrick J. Duggan, this prisoner civil rights case was referred to the undersigned magistrate judge for general case management on April 17, 2008. (Dkt. 6.) Plaintiff's *pro se* complaint, which names 32 defendants and alleges numerous constitutional violations spanning two years' time, was filed on March 4, 2008.

**II.    COURT'S DUTY TO SCREEN COMPLAINT**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the United

States Supreme Court recently clarified certain provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, the Court's ruling did not alter the screening procedure. In fact, the Court began its opinion by confirming that the PLRA "mandates early judicial screening of prisoner complaints . . . ." *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007). When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). In this case, the Court cannot perform the required screening because the complaint as filed is in violation of Rule 8(a) of the Federal Rules of Civil Procedure, and therefore the Court will require the *pro se* Plaintiff to file an amended complaint.

### III.     THE COMPLAINT FAILS TO COMPLY WITH RULE 8(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Civil lawsuits filed in the federal courts are governed by the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2) (West 2002). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(e)(1) (West 2002). Rule 10(b) states that "[a]ll averments of a claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to

a statement of a single set of circumstances . . . ." FED. R. CIV. P. 10(b) (West 2002). Although a *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), it nevertheless "is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The complaint filed in this case is in violation of Rule 8. For several pages, Plaintiff lists names of defendants, and then follows the list with a paragraph of allegations alleging that "defendants" committed certain constitutional violations, but fails to tie together a certain defendant with a particular action. A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). *See also Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981) ([T]his court has consistently demanded that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff).

If the Court were to order service of this complaint on defendants, the defendants could not possibly be expected to frame an answer, as there are 32 defendants and years worth of allegations, but no specific averments that a particular defendant committed a particular act on a particular day. As another federal court put it,

> [n]either the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct

statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format.

*Windsor v. Colorado Dep't of Corr.*, 9 Fed. Appx. 967, 968 (10th Cir. 2001) (quoting Mag. J. Rept. & Recom.) (quotation marks omitted). *See also Choate v. United States*, 413 F. Supp. 475, 478 (N.D. Okla. 1976).

Plaintiff should also be aware that dismissal of the case with prejudice can be warranted if a plaintiff persists in violating Rule 8's requirement of filing a short, plain, and concise pleading after being given an opportunity to correct the first pleading's deficiencies. *See Echols v. Voisine*, 506 F. Supp. 15, 19 (E.D. Mich. 1981). *See also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

## IV. ORDER

Accordingly, **IT IS ORDERED THAT** Plaintiff shall file an amended complaint that contains a short and plain statement of his claims in compliance with the Federal Rules of Civil Procedure as explained above no later than **MAY 23, 2008**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present against all

defendants. Plaintiff may not incorporate material from the original complaint by reference. *See* E.D. Mich. LR 15.1.

**V.     REVIEW**

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d)(1). Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                                                     s/ *Charles E. Binder*
                                                                      CHARLES E. BINDER
Dated: April 25, 2008                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, and served on Quentin C. Laster, #180908, G. Robert Cotton Correctional Facility, 3510 N. Elm Rd., Jackson, MI, 49201-8827, by first class mail.

Date:  April 25, 2008                          By     s/Jean L. Broucek
                                                                          Case Manager to Magistrate Judge Binder