**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

QUENTIN LASTER,

    Plaintiff,

v.

GEORGE PRAMSTALLER, PATRICIA
CARUSO, JIM ARMSTRONG, RICHARD
STAPLETON, D VASBINDER, J BARRETT,
AUDBERTO C ANTONINI, PETER
SCUCCIMARRI, NICOLAE S FATU,
LARRY FORD, BETH GORDON,
E BUJDOUS, JACQUELINE COOKE,
S WESTERN, G YOUNG, GILBERT,
ISREAL, J RICCI, M JONES, RUDD,
E CLOTHIER, BLOOM, C JOHNSON,
T MOREY, HOLDER, OJEDA, LAMB,
ARNOLD, BROWN, SALINOS, PRATT,
SABRINA AIKEN, MR. POLZEIN,
J. ELSTON, D SCUTT, ZELLES,

    Defendants.

_____/

CASE NO. 08-CV-10898

DISTRICT JUDGE PATRICK J. DUGGAN
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b)**

**I.     RECOMMENDATION**

**IT IS RECOMMENDED** that this case be ***SUA SPONTE* DISMISSED** for failure to comply with the Court's order that Plaintiff file an amended complaint in compliance with the requirement in Rule 8 of the Federal Rules of Civil Procedure that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a).

## II. REPORT

### A. Introduction & Procedural History

Plaintiff is a state inmate currently incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. On March 4, 2008, the *pro se* Plaintiff filed a 22-page hand-written complaint entitled "Civil Rights and Americans with Disabilities Act Complaint," naming 32 defendants and alleging numerous incidents spanning nearly two years' time. By order of U.S. District Judge Patrick J. Duggan, the case was referred to the undersigned magistrate judge for general case management on April 17, 2008. (Dkt. 6.)

Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court attempted to screen the complaint to determine whether the action was frivolous or malicious, failed to state a claim upon which relief could be granted, or sought monetary relief from a defendant who was immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 911, 166 L. Ed. 2d 798 (2007) (stating that the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq.*, "mandates early judicial screening of prisoner complaints . . . ."). Liberally construing the complaint, as this Court must under *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), and *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999), the Court determined that it could not perform the required screening because the complaint as filed was in violation of Rule 8(a) of the Federal Rules of Civil Procedure. Thus, Plaintiff was ordered to file an amended complaint. (Dkt. 7 (hereafter "the Order").)

The Order informed Plaintiff that Rule 8(a) of the Federal Rules provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." and that Rule 8(e) requires that

"[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(a)(2), 8(e)(1). Further, the Order explained that Rule 10(b) states that "[a]ll averments of a claim . . . shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . ." FED. R. CIV. P. 10(b). The Order also instructed that a complaint that fails to link together specific acts with a specific defendant fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Finally, Plaintiff was warned that dismissal of the case with prejudice can be warranted if a plaintiff persists in violating Rule 8's requirement of filing a short, plain, and concise pleading after being given an opportunity to correct deficiencies in the first pleading. *See Echols v. Voisine*, 506 F. Supp. 15, 19 (E.D. Mich. 1981). *See also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

### B. The Amended Complaint

On May 7, 2008, Plaintiff filed an Amended Complaint. (Dkt. 10.) However, instead of "edit[ing] and organiz[ing] [his] claims and supporting allegations into a manageable format," *Windsor v. Colorado Dep't of Corr.*, 9 Fed. App'x 967, 968 (10th Cir. 2001) (quotation marks omitted), the original complaint's 22 pages grew to 29 pages in the Amended Complaint. More important than the size of the Amended Complaint, however, is that the pleading once again does not contain "simple, concise, and direct" averments "limited as far as practicable to a statement of a single set of circumstances . . . ." FED. R. CIV. P. 8(a), 10(b). To the contrary, the "statement of facts" section spans pages 5 to 19 and consists of a detailed recital of 21

grievances Plaintiff submitted between June 28, 2006, and January 11, 2008. The allegations in these grievance summaries are voluminous and far-reaching. For example, in one of the 21 grievance summaries, Plaintiff alleges the following:

> (1) Defendants Caruso and Pramstaller were "acquiescent in their approval of their subordinates' actions"; (2) Defendants Young, Western, Vasbinder, Barrett, Caruso, Armstrong, Antonini, Holder, and Pramstaller "refused to honor Plaintiff's A.D.A. rights and his S.A.N.s (Special Accommodation Notices) by refusing to place him in a handicap unit"; (3) "None of the unit's staff had training to work with disabled persons"; (4) "R/N Joy Ryan's order to not discriminate against the Plaintiff and let him use the microwave or shower between 5:00 and 6:00 am for hot compresses when needed, since porters were allowed to use the facilities, was refused [by] 'all the other defendants,'" (5) Defendants Western, Young, Vasbinder, and Barrett retaliated against him for filing a grievance by ordering the unit officers to make Plaintiff put all his legal materials into his footlocker and put the footlocker under the bed, which was a violation of his S.A.N. and caused him excessive grinding of his hip bones and pain/injury; (6) these defendants caused the prisoners to turn on Plaintiff by telling them that they had to do the same and it was Plaintiff's fault; (7) these defendants issued orders for Plaintiff to stop writing on the cell desk and use only the tables in the day room which caused him to develop hemorrhoids; (8) Defendants Vasbinder, Barrett, Ford, Western, Young, Gilbert, Jones, Brown and Scutt "established a custom of having the officers issue the Plaintiff misconduct tickets for any inabilities he had in complying with rules designed for non-disabled persons"; (9) these defendants required Plaintiff to forego the use of his wheelchair to get into the bathroom, showers, or cell; (10) Defendants Miller and Funcher retaliated by instituting a practice of refusing to allow Plaintiff to go to healthcare for problems with extra pain on bad weather days; (11) "Because of inadequate pain management the Plaintiff has been unable to go to breakfast for over 3 years"; (12) when pain medications wear off he often can't get to evening meals either; (13) Defendant Western retaliated against him by refusing to allow him to get water with a cup, which he needed to do because of "esophagus and hiatal hernia problems," and for which he had a S.A.N.; (14) On 7/19/06, Defendant Doctor Antonini removed all of Plaintiff's S.A.N.s from the medical files and the computer and "replaced them with altered ones in order to impede investigations"; (15) Defendant Miller retaliated by calling Plaintiff offensive names such as "liar" and "stupid nigger"; (16) Defendants Miller, Funcher, and Young retaliated against Plaintiff by breaking his TV, headphones, foot locker and other property.

(Dkt. 10, Amend. Compl. at 5-7, ¶¶ 1-15.) This type of recitation of claims goes on for 12 more pages covering 20 other grievances.

Following the grievance summaries, Plaintiff then sets forth 10 "causes of action" on pages 19 through 27.  Each cause of action begins with a list of the prior paragraph numbers where certain defendants were named and ends with an oft-confusing statement of the legal rights he claims were violated by these defendants.  For example, the First Cause of Action states:

> Each of the defendants, as delineated in paragraphs #2 thru #11, #13, #16 thru #18, #20 thru #23, #25 thru #27, #30, #32 thru #80, having practice[d] for years of experience should have known, and did knowingly and willfully violate the Plaintiff's Michigan and United States Constitutional rights as secured and guaranteed to him under Amendments One, Eight and Fourteen which prohibited Acts of retaliations because the Plaintiff exercised <u>THE RIGHT OF PETITIONING THE GOVERNMENT FOR ANY REDRESS (CORRECTIONS) WANTED MADE BY IT, OR ANY GRIEVANCE MADE AGAINST IT, AND PARTICULARLY PROHIBITED THE ACT OF CONSPIRACY (ENJOINED OR COLLECTIVE ACTION) OF STATE EMPLOYEES FROM DEPRIVING PLAINTIFF OF RIGHTS OR IMMUNITIES PROTECTED BY THE UNITED STATES CONSTITUTION BECAUSE HE EXERCISED THE RIGHT AND P.L.R.A. REQUIREMENT TO GRIEVE BEFORE PETITIONING THE COURT FOR REDRESS.</u>  U.S.C.A. #1, #4, #5, #6, #8 & #14.

(Dkt. 10, Amend. Compl. at 20.)  This is followed by nine more causes of action in a similar format, alleging the violation of nearly every right a prisoner possesses.  (*Id*. at 20-27.)

As relief, Plaintiff wants the Defendants to be ordered to respond to each allegation specified within the grievance summaries, a temporary injunction to keep him supplied with adequate medication during the pendency of this litigation, punitive damages, compensatory damages, $250,000 from each Defendant for physical suffering, trial by jury, and an order for immediate medical care to "diagnose, treat (and/or any needed operation) Plaintiff's illnesses . . . ."  (*Id*. at 28.)

C.  Discussion

A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir. 1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir. 1988). *See* FED. R. CIV. P. 41(b). **While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity.**

Ward v. Lincoln County Jail, No. 07-CV-389-JMH, 2007 WL 4259558, at *1 (E.D. Ky. Nov. 29, 2007) (Hood, J.) (emphasis added). In *Gipbsin v. Kernan,* the issue of applying Rule 8 to *pro se* prisoner claims was at issue, and the court explained that a prisoner-plaintiff

> must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).
>
> The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

*Gipbsin v. Kernan*, No. CIV S-07-0157, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008).

In this case, not only is it impossible to read and understand the Amended Complaint within minutes, but even upon lengthy consideration, it requires puzzle-solving skills to determine who is being sued and on what basis. In addition, the pleading in this case is a prime example of "joining a series of unrelated claims against many defendants." *Id*. Such a practice is prohibited, as explained by the Court of Appeals for the Seventh Circuit:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

> claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff Laster was informed of the federal rules governing pleadings and given an opportunity to amend his original complaint to bring it into compliance. Instead, he filed an Amended Complaint that is more confusing and of greater length than his first filing. Pursuant to Rule 41(b), a court has the authority to dismiss a case for "failure of the plaintiff to . . . comply with these rules or any order of the court . . . ." FED. R. CIV. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

In this case, where Plaintiff was given instruction and an opportunity to bring his pleading into conformity with the federal rules, but failed to comply with the Court's order, I suggest that the case be dismissed with prejudice pursuant to Rule 41(b).

## III. **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                  s/ *Charles E Binder*
                                  CHARLES E. BINDER
Dated: May 30, 2008                  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Quentin Laster, #180908, at G. Robert Cotton Correctional Facility, 3510 N. Elm St., Jackson, MI, 49201-8877, and served on District Judge Duggan in the traditional manner.

Date: May 30, 2008                        By     s/Jean L. Broucek
                                             Case Manager to Magistrate Judge Binder